# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-0723V
Filed: March 30, 2018
UNPUBLISHED

| | |
|---|---|
| TINA REYNOLDS,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Jeffrey S. Pop, Jeffrey S. Pop & Associates, Beverly Hills, CA,* for petitioner.
*Mallori Browne Openchowski, U.S. Department of Justice, Washington, DC,* for respondent.

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On May 31, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered severe left shoulder pain immediately after receiving the influenza vaccine on October 5, 2016. Petition at 1, ¶¶ 5-6. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On February 8, 2018, a ruling on entitlement was issued, finding petitioner entitled to compensation for her shoulder injury. On March 29, 2018, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $92,140.21. Proffer at 1. In the Proffer, respondent represented that petitioner agrees with the proffered award. *Id.* Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $92,140.21 in the form of a check payable to petitioner, Tina Reynolds.**  This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

|  |  |
|---|---|
| TINA REYNOLDS, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 17-723V |
| v. ) | Chief Special Master Dorsey |
| ) | ECF |
| SECRETARY OF HEALTH AND HUMAN ) | |
| SERVICES, ) | |
| ) | |
| Respondent. ) | |
| ) | |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

**I.     Compensation for Vaccine Injury-Related Items**

On February 8, 2018, respondent concededed that entitlement to compensation was appropriate under the terms of the Vaccine Act.  Thereafter, on February 8, 2018, Chief Special Master Dorsey issued a Ruling on Entitlement finding that petitioner was entitled to vaccine compensation for his Shoulder Injury Related to Vaccine Administration ("SIRVA").  Based on the evidence of record, respondent proffers that petitioner should be awarded $92,140.21.  This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).[1]  Petitioner agrees.

**II.    Form of the Award**

The parties recommend that compensation provided to petitioner should be made through a lump sum payment of **$92,140.21**, in the form of a check payable to petitioner.  Petitioner

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

agrees.

    Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

    Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

s/ *Mallori B. Openchowski*
MALLORI B. OPENCHOWSKI
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Ben Franklin Station
Washington, DC 20044-0146
Tel.:  (202) 305-0660

DATED:  March 29, 2018